UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-563 |
| | § | |
| MITCHELL N. KAY, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case arises out of an attempt to collect a debt allegedly owed by Plaintiff Jose Gonzales. Now before the Court is the Motion to Dismiss of Defendants Mitchell N. Kay and Law Offices of Mitchell N. Kay, P.C. ("Kay Defendants") (Doc. 7).

**I. Background**

Plaintiff alleges that on November 21, 2007, he received a letter from the Kay Defendants demanding payment of $448.97 that he owed to Defendant U.S. Asset Management, Inc. ("USAM") for a Sprint PCS Wireless account. Plaintiff alleges that the letter stated that USAM was a client of the Kay Defendants and that the Kay Defendants were handling the account for USAM, and that the letter was not signed.[1] The letter, attached to Plaintiff's Response, is from "Law Offices of Mitchell N. Kay, P.C.," and the letterhead states that Kay is "admitted in New York & Washington, D.C." The letter does not explicitly state that USAM was a "client" of the Kay Defendants; it states that the Kay Defendants were handling the account referenced. It also states that "[t]his

---

[1] The letter attached to Plaintiff's Complaint as Exhibit A is not the November 2007 letter. The November 2007 letter is attached to Plaintiff's Response as Exhibit A. As discussed below, the Court may review documents attached to a later pleading if those documents are referred to in the Complaint. The November 2007 letter is discussed in the Complaint, and the Court may therefore consider it in deciding the Motion to Dismiss.

1 / 6

communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose." It further states that "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account."

Plaintiff alleges that the Kay Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq* ("FDCPA"). He states that the Kay Defendants pretended to be a law firm with a lawyer handling the account, but in fact the Kay Defendants did not operate as a law firm and no lawyer was handling the account. Plaintiff alleges that the Kay Defendants did this to try to scare him into paying the debt. Plaintiff also seeks a declaration that he does not owe the debt identified by account number 1170098994402-A to USAM or its affiliates.

## II. Legal Standard

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins*, 224 F.3d at 498. The Court must determine whether a plaintiff's allegations "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The complaint must contain allegations of "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In general, the court may only consider the pleadings and any attachments to the pleadings. *See Collins*, 224 F.3d at 498. However, the court may consider attachments to the motion to dismiss of documents referred to by the plaintiff in the complaint. *See id*. at 498-9.

### III. Analysis

The FDCPA applies to debt collectors attempting to collect consumer debts. Plaintiff has pled facts showing that he is a consumer ("any natural person obligated or allegedly obligated to pay any debt" for, among other things, services for personal or household use) and that the Kay Defendants are debt collectors ("any person who uses . . . the mails in any business the principal purpose of which is the collection of any debts"). 15 U.S.C. § 1692a. The Kay Defendants do not dispute these facts, and the Court finds that the FDCPA applies to this case.

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute specifically prohibits the "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(3), (10). The former provision is intended to prevent consumers from being intimidated into paying debts they do not owe because of the specter of attorney involvement when in fact no attorney is involved. Claims are evaluated under a "least sophisticated consumer" standard, meaning that the Court will decide whether the hypothetical least sophisticated consumer would have been deceived. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 301 (E.D.N.Y. 2005).

<1>
<1>
<1>

Courts have generally found that letters on law firm letterhead that were signed by an attorney (whether by facsimile signature or otherwise) violate the FDCPA if the attorney was not in fact involved in the case and the letter did not contain any disclaimer.[2]  *See, e.g., Avila v. Rubin*, 84 F.3d 222, 228 (7th Cir. 1996); *Taylor*, 103 F.3d at 1237.  The signature of the attorney is an important fact in deciding whether the letter gives the impression that an individual attorney reviewed the file or prepared the letter.  *See Taylor*, 103 F.3d at 1238; *Clomon v. Jackson*, 988 F.2d 1314, 1321 ("[T]he use of the attorney's *signature* on a collection letter implies that the . . . attorney directly controlled or supervised the process through which the letter was sent." (emphasis added)); *Campuzano-Burgos v. Midland Credit Mgmt.*, 497 F. Supp. 2d 660, 663-4 (E.D. Pa. 2007) ("Although *Clomon* dealt with facts similar to *Avila*, its reasoning focused not on the attorney's professional obligations but on the additional authority his signature connoted.")

Here, it is apparently undisputed, at least for the purposes of this Motion, that neither Kay himself nor any attorney associated with the Kay Defendants actually performed any meaningful review of Plaintiff's file, so if the letter gave the impression that a lawyer was so involved, the letter violated the FDCPA.  The letter was not signed by the Kay Defendants or any other attorney. Although Plaintiff alleges that the letter referred to USAM as the Kay Defendants' "client," the letter does not in fact do so, nor is there any other language that could possibly be interpreted as meaning that the Kay Defendants and USAM had an attorney-client relationship.  *Cf. Clomon*, 988 F.2d at 1320-1 (letter stated that attorney had "told" client certain facts about the account and was

---

[2]  In *Boyd v. Wexler*, 275 F.3d 642 (7th Cir. 2001), the Seventh Circuit referred only to letters on law firm letterhead and did not specify whether the letters were signed by an attorney.  However, in a subsequent case, *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002), the Seventh Circuit clarified that "a debt collection letter that is issued on an attorney's letterhead *and over his signature*" (emphasis added) creates the impression that the attorney has personally reviewed the case.

"suggesting" certain measures); *Miller v. Wolpoff & Abramson, L.L.P.*, 471 F. Supp. 2d 243, 246 (E.D.N.Y. 2007) (letter from one law firm stated that law firm represented the creditor). The letterhead's use of the law firm name and the notation of states in which Kay was admitted to practice law is the only aspect of the letter that could indicate attorney involvement.

Therefore, the question is whether the firm letterhead is enough to have caused the "least sophisticated consumer" to think that an attorney was involved in the case. To remove any confusion that the letterhead might have caused, the letter contained a notice stating that no attorney had reviewed the account so far.[3] Even where an attorney has signed a letter concerning a debt that he has not personally reviewed, an attorney is not liable under the FDCPA if the letter also contains a sufficient and clear disclaimer. *See Miller*, 471 F. Supp. 2d at 249. Here, the letter contained a disclaimer stating that no attorney had reviewed the account so far. This notice was not deceptive. "A notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate." *Sparkman*, 374 F. Supp. 2d at 301; *see also Peter v. GC Servs., L.P.*, 310 F.3d 344, 349 (5th Cir. 2002) (noting that courts find contradictory language primarily where statements are *explicitly* contradictory). The disclaimer in the letter to Plaintiff admits only one reasonable meaning. Other courts have found that this type of disclaimer, on letterhead with a law firm name and with the signature of the law firm or attorney, suffices to eliminate any possible confusion generated by the letterhead. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364-5 (2d Cir. 2005); *Pujol v. Universal Fidelity Corp.*, No. 03 CV 5524(JG), 2004 WL

---

[3] Plaintiff claims this notice violates the FDCPA because it left open the possibility that an attorney might review the file in the future. This is not deceptive because it was possible that an attorney could review the file, and in fact, the Court is sure that by this point an attorney has reviewed Plaintiff's file. The fact that the disclaimer leaves that possibility open does not constitute a threat of legal action. In addition, the Kay Defendants could not have used a different name on the letterhead. 15 U.S.C. § 1692e(14) prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

1278163, at *5 (E.D.N.Y. June 9, 2004); *Navarro v. Eskanos & Adler*, No. C 06-02231 WHA, 2007 WL 549904, at *6 (N.D. Cal. Feb. 20, 2007) ("The least sophisticated consumer would not be deceived or misled as to attorney involvement if the communication contained a clear disclaimer stating that an attorney had not reviewed the file.").

This Court agrees. The letter was not signed by an individual attorney, a fact that might cause a debtor to believe that the signer had reviewed the debtor's file. The disclaimer should have removed any confusion that even the least sophisticated consumer would have had concerning the level of attorney involvement in the matter. The letter was not deceptive as a matter of law under either 15 U.S.C. § 1692e(3) or 15 U.S.C. § 1692e(10).

## IV. Conclusion

For these reasons, Plaintiff has failed to state a claim under the FDCPA against the Kay Defendants. It is, therefore, **ORDERED** that the Motion to Dismiss (Instrument no. 7) of Mitchell N. Kay and the Law Office of Mitchell N. Kay, P.C., is **GRANTED** and the Plaintiff's claims against the Kay Defendants are **DISMISSED WITH PREJUDICE**.

**DONE** at Galveston, Texas, this ____11th____ day of June, 2008.

John R. Froeschner
United States Magistrate Judge